IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:08CR213 |
| | § | |
| KIMBERLY DENISE SIMMONS | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 5, 2012, to determine whether Defendant violated her supervised release. Defendant was represented by Frank Henderson. The Government was represented by Stevan Buys.

On May 19, 2009, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of 10 months imprisonment followed by a three year term of supervised release for the offense of Conspiracy to Fraudulently Use Unauthorized Access Device. Defendant began her term of supervision on March 10, 2010.

On January 12, 2012, the U.S. Probation Officer filed a First Amended Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 28). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state or local crime; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia

1

related to any controlled substances, except as prescribed by a physician; (3) Defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month; (4) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons; (5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons; (6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; and (6) Defendant shall permit a probation officer to visit at any time at any home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer; and (7) Defendant shall make restitution in the amount of $5,037.69. Restitution payments to begin immediately. Any amount that remains unpaid when Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income.

The Petition alleges that Defendant committed the following violations: (1) On December 16, 2011, Defendant was stopped by a Gainesville, Texas, police officer after driving at a high rate of speed and failing to signal before turning. Defendant identified herself and stated she was traveling at a high rate of speed because she thought the officer was her ex-boyfriend and she believed the officer to be chasing her. Two other officers arrived and Defendant gave verbal permission for her vehicle to be searched. Officers located a white pill bottle containing 56 Citalopram Hydro bromide pills; an orange pill bottle containing 14 pills with a V on either side, a white pill bottle containing 121 orange and white Omeprozale pills; and an orange bottle containing 251 Metoclopramide pills. The officer observed all the bottles to have a label on them showing ownership to a Teri Soldavini. Defendant stated the above listed pill bottles were stolen.

Additionally, officers located a pink make-up case in the right front passenger seat which contained five pills with the letter "V" on them. An Altoids mint container containing s clear plastic baggy which contained a crystal-like substance; two off-white, rock like substances in the vehicle and a metal pipe containing what appeared to be drug residue were discovered on her person. The substances field tested positive for crack cocaine and methamphetamine. Defendant was read her Miranda Warning at which time she voluntarily waived her rights and stated a clear syringe located in the center console and the crack cocaine belonged to her; however, the remaining items did not. Defendant remains in the Cooke County Jail with bond set at $10,000 pending charges of Possession of a Controlled Substance, Possession of Dangerous Drugs, and Possession of Drug Paraphernalia. On November 29, 2010, in DeKalb County, Tennessee, Defendant was served with a citation for Shoplifting from the Dollar General Store. On January 6, 2011, Defendant pled guilty to Theft of Merchandise and was given a $50.00 fine and placed on 11 months and 29 days probation. On August 29, 2011, Defendant was arrested for the offense of Possession of Drug Paraphernalia in Cooke County, Texas. Defendant was released from custody on September 1, 2011, having been sentenced to time served; (2) Defendant failed to report in person to the U.S. Probation Office in Plano, Texas, on September 6, 2011. Defendant failed to submit a monthly report to the U.S. Probation Office for the months of August, September, and October, 2011; (3) Defendant was terminated from her employment on August 28, 2011. Defendant failed to notify her probation officer ten days prior to, or after terminating employment; (4) Defendant moved from her residence without notifying the probation officer. Her last verified residence was on August 12, 2011, during a home visit; (5) On April 21, 2010, and again on May 25, 2011, Defendant signed a payment agreement in which she agreed to pay $74.00 a month starting on May 20, 2010. Since starting her

term of supervised release, Defendant has paid $805. Defendant has failed to make payments for the months of May, June, July, August, September 2010; and July and October 2011. An outstanding balance of $4,332.69 remains.

At the hearing, Defendant entered a plea of true to the alleged violations. Defendant waived her right to allocute before the district judge and her right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of her supervised release and that her supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the September 5, 2012 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, with 15 months of supervised release to follow. The sentence should be served consecutively to any other sentences being served.

**SIGNED this 12th day of September, 2012.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE